IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

---

| | |
|---|---|
| TONY LYNN HAILEY, PRO SE, § | |
| TDCJ-CID No. 911414 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0297 |
| § | |
| MICHAEL SAVERS ET AL., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff TONY LYNN HAILEY, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against numerous defendants connected with the Texas prison system and was granted permission to proceed *in forma pauperis*.

On April 25, 2006, a Report and Recommendation was filed by the United States Magistrate Judge analyzing plaintiff's claims pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), and recommending dismissal with prejudice as frivolous, for failure to state a claim on which relief can be granted, and with prejudice for purposes of proceeding in an in forma pauperis proceeding pursuant to Title 28, United States Code, section 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

Plaintiff filed a motion to amend complaint on April 27, 2006, which was granted by the Magistrate Judge.  Plaintiff also filed his Objections to the Report and Recommendation on May 10, 2006.

**Amended Complaint**

By his Amended Complaint, plaintiff adds claims against two new defendants and asserts additional claims against defendant SAVERS.  Plaintiff also makes representations as to his exhaustion of administrative remedies on his claims against defendant HOLLERS.

Concerning exhaustion of administrative remedies against defendant HOLLERS, plaintiff states he submitted step 1 grievance no. 2005227174.  It was not processed because it requested an inappropriate remedy, punishment of defendant HOLLERS.  Plaintiff says he then submitted step 2 of that grievance and that defendant CONNER incorrectly told him there was no record of its filing.  Plaintiff says a later inquiry produced a response from CONNER that the grievance had been closed since September 19, 2005.  Plaintiff states another inquiry produced a response about grievance no. 2005196724.  Lastly, plaintiff says he received grievance no. 2005117174 on December 7, 2005, bearing the date October 12, 2005 and stating it had been improperly submitted.  Plaintiff complains this was almost two months past the time period allotted by prison rules for handling grievances.

Plaintiff's claim against defendant HOLLERS is that she "deliberately work [sic] in concert by disregarding medical condition attempting to force plaintiff to work in pain."

Review of plaintiff's grievance #200522714 reveals he grieved concerning Nurse HOLLERS refusal to let him see a doctor on August 26, 2005 for complaints of back pain causing headaches.  Instead, he says, she checked his blood pressure and told him to leave.  Although plaintiff mentions, in passing the July 29th incident in which he alleges HOLLERS told

2

him to go back to work although his blood pressure was 183/102, that incident was well outside the grievable period and is clearly not the subject of the grievance. Plaintiff failed to exhaust administrative remedies concerning the July 29th incident. By choosing to file and pursue suit concerning the additional meal refusals before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims against defendant Nurse HOLLERS based on the incident of July 29, 2005, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendant HOLLERS' alleged refusal to allow plaintiff to see a doctor on August 26, 2005 for complaints of back pain causing headaches, plaintiff has not alleged any way in which he was harmed by this refusal. By plaintiff's own account, he was seen by the unit doctor for complaints of back pain in January, February, and twice in June. Further, on June 30, 2005, the doctor had denied plaintiff's request that an earlier work restriction be reimposed. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). Plaintiff has alleged no fact known to defendant HOLLERS which indicated that plaintiff's August complaints of back pain, constituted a "serious medical need" instead of simply a repetition of complaints that the doctor had already treated. Plaintiff has failed to state a claim of deliberate indifference against defendant HOLLERS.

Plaintiff newly alleges defendants MESSER, HARRISON, BUCK, and SAVERS conspired to retaliate against him for his life endangerment claim and for litigation against "staff." In furtherance of such conspiracy, plaintiff alleges, defendants MESSER and

3

HARRISON failed to issue him a requested disciplinary procedure handbook for seven months; and defendant SAVERS denied various grievances. Plaintiff claims this constituted a "breach of duty" by these defendants. Further, plaintiff alleges, defendant BUCK delayed his legal mail up to twelve days and opened it outside his presence to "censor" it.

Plaintiff has alleged no fact to support his claims of conspiracy and retaliatory intent. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990); or to support claims of malice *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995); or retaliation, *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Moreover, "breach of duty" is not a constitutional violation. Construing plaintiff's claim broadly, it appears he is claiming prison regulations create a Due Process right to receipt of the requested handbook. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

As to plaintiff's dissatisfaction with the denial of his grievances by defendant SAVERS, plaintiff has no constitutionally protected right in the investigation and resolution of his

grievances concerning issuance of the disciplinary procedure handbook. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant SAVERS lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Concerning his claim that defendant BUCK, the Mailroom Supervisor, delayed his legal mail, plaintiff alleges that, on November 28, 2005, he received legal mail from this Court dated November 16, 2005. Plaintiff claims the delay prevented him from researching and responding to the court in a timely manner. Court records show the instant cause was the only case plaintiff had pending in this Court on November 16, 2005. On that date, his complaint and various motions were filed and the District Judge ordered the case designated for electronic case filing, "ECF." Further, plaintiff was sent a *pro se* instruction sheet giving various instructions on proper conduct in federal court. None of this required or solicited any response by plaintiff; and plaintiff does not now nor has he ever stated what he feels he should have researched and responded to by pleading. Plaintiff has not suffered any prejudice to his position as a litigant occasioned by the complained-of delay in his legal mail. Further, plaintiff does not state how he was harmed by the alleged improper review of his mail from an attorney. Plaintiff does not allege any fact indicating defendant BUCK actually participated in either incident or adopted illegal policies which caused any constitutional deprivation. *Wanger v. Bonner*, 621 F.2d 675, 679 (5th Cir. 1980). The acts of subordinates trigger no individual section 1983 liability for

5

supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  Theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983.  *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  Thus, plaintiff has utterly failed to state a claim against defendant BUCK on which relief can be granted.

**Objections**

To his objections, plaintiff has attached a two-page exhibit consisting of a copy of a radiologist's report on x-rays of plaintiff's thoracic and lumbar spine, as well as his left knee.  Plaintiff has also sworn that the copy is true and accurate.  Review of the exhibit reveals no indication of the date these studies were performed or what doctor ordered them.  The thoracic spine study merely notes "postural alterations."  The lumbar spine study notes a proliferation of collagnous scar tissue consistent with soft tissue injury and states plaintiff's prognosis is fair, with likely intermittent symptoms of neck pain, back pain, and headaches arising from physical and mental stress.  Although the radiologist notes plaintiff has incurred permanent partial disability, he makes no specific recommendations to prevent or slow the degeneration that usually accompanies an injury of the nature that plaintiff has suffered.  Lastly, the left knee study contains a recommendation only of more advanced imaging and an orthopedic consult "[i]f internal derangement of knee or intra-articular loose bodies is clinically suspected."

Nothing about this attachment shows whether defendant BASSE had personal knowledge of its contents or that such knowledge would lead to the inference that plaintiff was in substantial risk of serious injury from his job assignment.  Doctors can disagree; and if defendant BASSE did not agree with plaintiff's previous physician, that disagreement does not state a claim of deliberate indifference.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Amended Complaint and objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and that the analysis and conclusions in the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections and does hereby ADOPT the analysis and conclusions in the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff TONY LYNN HAILEY are DISMISSED WITH PREJUDICE AS FRIVOLOUS, FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

The Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 12th day of May, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE